UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA KWESELL; CHRISTINE TURECEK; AND JASON SCHWARTZ, individually and on behalf all others similarly situated, | : : : : : | CIVIL ACTION NO.: 3:19-cv-01098 (KAD) |
| Plaintiffs, | : : | |
| v. | : : | CLASS ACTION |
| YALE UNIVERSITY, | : : | |
| Defendant. | : : | October 7, 2019 |

### FORM 26(F) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed**: July 16, 2019

**Date Complaint Served**: July 30, 2019

**Date of Defendant's Appearance**: August 9, 2019

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on September 20, 2019, following an initial meet-and-confer on September 6, 2019. The participants were attorneys Joshua R. Goodbaum, Dara S. Smith, and Elizabeth A. Aniskevich for Plaintiffs, and attorneys Kim Rinehart and Richard Luedeman for Defendant.

Because Plaintiffs intend to file a revised complaint on or about October 18, 2019, the parties intend to further meet and confer following submission of that complaint and may request leave to file a revised planning report at that time. The parties therefore respectfully request that the Court schedule the in-person planning conference for a date at least 21 days after the filing of the amended complaint, which is currently due October 18, 2019. (Dkt. No. 30, Order.)

I.   **CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.  **JURISDICTION**

   A.   **Subject Matter Jurisdiction**

Plaintiffs allege causes of action arising under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq., and the Genetic Information Nondiscrimination Act (GINA), Pub. L. No. 110-233, 122 Stat. 881. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

   B.   **Personal Jurisdiction**

Defendant does not contest personal jurisdiction in this matter.

III. **BRIEF DESCRIPTION OF CASE**

   A.   **Claims of Plaintiff**

Plaintiffs filed this putative class action alleging that Yale University's Health Expectations Program ("HEP") violates the ADA and GINA because of its $25 weekly "opt-out fee" for a certain subset of employees who are penalized for non-participation or non-compliance with the HEP.  Plaintiffs allege that the HEP includes medical inquiries and examinations under the ADA and requests for and disclosures of genetic information under GINA, and that the penalty for refusing to comply with these requests and examinations violates these laws' requirement for medical and genetic inquiries and examinations to be

2

"voluntary." The three named Plaintiffs seek to represent a class of Yale employees who are or were subject to this the HEP.

### B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant

Defendant's position is that the ADA and GINA permit wellness programs, like the HEP, to incorporate a financial incentive to participate, and that Defendant has complied with all relevant statutes and regulations regarding wellness program incentives. The lawfulness of the HEP is further demonstrated by the fact that the program, including the financial incentive, was negotiated and agreed upon by Plaintiffs' collective bargaining representatives as part of a larger benefits package. In addition, many putative class members would lack standing to bring GINA claims or would be asserting claims as to which GINA provides no private right of action. Defendant intends to file a motion to dismiss the Complaint on these grounds. If any claims survive Defendant's motion to dismiss, Defendant believes they will ultimately be dismissed on summary judgment and that the claims are not susceptible to class treatment.

Defendant does not presently anticipate filing counterclaims, third-party claims, or cross claims.

### C. Defenses and Claims of Third Party Defendant/s

Not applicable.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Lisa Kwesell is or was a member of UNITE HERE Local 34.

2. Christine Turecek is or was a member of UNITE HERE Local 35.

3. Jason Schwartz is or was a member of UNITE HERE Local 35.

4. Yale is or was the employer of Lisa Kwesell, Christine Turecek, and Jason Schwartz under the Americans with Disabilities Act.

5. Yale is or was the employer of Lisa Kwesell, Christine Turecek, and Jason Schwartz under the Genetic Information Nondiscrimination Act.

6. Lisa Kwesell, Christine Turecek, and Jason Schwartz are or were employees under the Americans with Disabilities Act.

7. Lisa Kwesell, Christine Turecek, and Jason Schwartz are or were employees under the Genetic Information Nondiscrimination Act.

8. Yale's Health Expectations Program is an "employee health program" under the Americans with Disabilities Act, 42 U.S.C. § 12112(d)(4)(B).

9. Yale's Health Expectations Program is a "wellness program" under the Genetic Information Nondiscrimination Act, 42 U.S.C. § 2000ff-1(b)(2)(a).

10. Yale has collective bargaining agreements with UNITE HERE Local 34 and Local 35.

11. The collective bargaining agreements for Local 34 and Local 35 contain the terms for the HEP for employees represented by those unions.

12. Employees represented by UNITE HERE Local 34 who are not participating in the HEP are subject to the $25 weekly opt-out fee.

13. Employees represented by UNITE HERE Local 35 who are not participating in the HEP are subject to the $25 weekly opt-out fee.

The parties will continue to cooperate to narrow factual disputes as the case progresses.

## V.     CASE MANAGEMENT PLAN

### A.     Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

### B.     Scheduling Conference with the Court

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).  As discussed above, the parties request that such conference be scheduled for a date at least 21 days after the filing of the amended complaint, which is currently due October 18, 2019.  (Dkt. No. 30, Order.)

### C.     Early Settlement Conference

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  They have agreed to continue to discuss settlement while proceeding with litigation at this time.

2.     The parties do not request an early settlement conference at this time.

3.     The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D.     Joinder of Parties and Amendment of Pleadings

1.     Plaintiffs have until October 18, 2019, to amend their complaint, and Defendant has until November 15, 2019, to respond to the amended complaint.  (Dkt. No. 30, Order.)

2.     Plaintiffs should have until October 18, 2019, to move to join additional parties, and Defendant should have until January 15, 2019, to move to join additional parties.

3.     The parties have agreed that, if Defendant's first responsive pleading is a dispositive motion, Defendant shall not oppose a motion by Plaintiffs for leave to amend

5

their complaint in response to the responsive pleading, except on the grounds of futility.  (*See* Dkt. No. 29, Joint Mot.)

  **E.**  **Discovery**

  1.  The parties anticipate that discovery will potentially be needed on several subjects and issues fairly arising out of Plaintiffs' Complaint and Defendant's defenses, including:

    a. The nature of the requirements and information-exchange involved in the HEP;

    b. The relationship between Defendant and the vendors through which it administers the HEP;

    c. Issues concerning certification of the putative class and sub-class, including the identifies of the individuals belonging in each and whether the putative class and sub-class satisfy the requirements of Federal Rule 23;

    d. The collective bargaining process between Yale and Locals 34 and 35; and

    e. Economic and non-economic damages allegedly incurred by Plaintiffs and members of the putative class(es) as a result of the alleged violation of their rights.

  Defendant may request discovery concerning what it asserts are the unique circumstances of each putative class member.  Plaintiff opposes individualized discovery from each member of the putative class.

  The parties reserve the right to object in response to any specific discovery request, and no waiver of any such objection is intended herein.  The parties reserve the right to request additional discovery in compliance with the Federal Rules of Civil Procedure.

  2.  Positions concerning stay of discovery

      a.  Defendant's position:

Discovery should be stayed pending resolution of the motion to dismiss that Defendant expects to file by November 15, 2019.  Defendant's motion will challenge the underlying statutory and regulatory interpretations on which Plaintiffs' claims rely.  If the Court grants the motion in full, then any discovery conducted until that point would have wasted party resources and potentially the Court's time in resolving discovery disputes.  Even if the Court grants only part of the motion or denies it, its construction of those provisions will greatly determine what evidence is material and could render large categories of evidence that Plaintiffs might otherwise seek in discovery, potentially including HIPAA-protected employee health information, irrelevant to their claims.  It will also greatly affect what class discovery is appropriate.

Immediately proceeding with discovery at this point might well, depending on the Court's resolution of the core legal issues, needlessly multiply costs and disclose large amounts of employee health and financial information that will ultimately be immaterial.  Discovery should therefore be stayed pending resolution of the motion to dismiss that Defendant will soon file.

      b.  Plaintiffs' position:

According to this District's Standing Order on Scheduling in Civil Cases, "[t]he filing of a motion to dismiss shall not result in a stay of discovery or extend the time for completing discovery."  Defendant has not explained why this case merits a deviation from the norm.  Indeed, if anything, a stay here is particularly inappropriate because the harms that Plaintiffs allege here – including the compelled disclosure of their private health information to their employer and its agents and mandatory medical examinations – are ongoing and

irreparable. Furthermore, the legal issues that Defendant's motion to dismiss is likely to present are complex, including issues of first impression in this jurisdiction. The Court would likely be aided by oral argument on the motion in addition to briefing. The motion therefore is unlikely to be capable of swift resolution.

To the extent Defendant is concerned about the discovery of "HIPAA-protected employee health information," Plaintiffs represent that their first round of discovery requests will not seek individualized private health information for anyone other than the named Plaintiffs.

3. The parties do not propose to conduct discovery in phases, except that expert discovery will follow fact discovery. The parties propose 10 months of fact discovery and 3 months of expert discovery. Plaintiffs' position is that discovery should commence immediately. Defendant's position is that discovery should be stayed and not commence until the date the Court decides the motion to dismiss.

4. Counsel discussed the feasibility of separating class, merits, and/or damages discovery and determined that any bi- or tri-furcation likely would lead to duplicative discovery.

5. Plaintiffs anticipate that they will require a total of 10-20 depositions of fact witnesses. Defendant anticipates that it will require depositions of the named Plaintiffs and selected putative class members, as well as certain union representatives who participated in the collective bargaining process, and does not anticipate deposing more than 10-20 fact witnesses. The parties propose that depositions be completed during the same time period set for written discovery.

6. The parties do not anticipate the need to request permission to serve more than 25 interrogatories but reserve the right to do so.

7. Each party may call expert witnesses at trial. Each party will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2).

   a. Plaintiffs' position: Each party shall disclose and provide reports for any experts within 30 days of the close of fact discovery. Depositions of any initially-disclosed experts shall be completed within 45 days after the disclosure deadline. Each party may then disclose rebuttal experts in response to the expert witnesses disclosed by the opposing party. Each party will designate all rebuttal experts and provide opposing counsel with reports from retained experts within 45 days after the initial disclosure deadline. Depositions of any rebuttal experts shall be completed within 45 days after the rebuttal disclosure deadline.

   b. Defendant's position: Plaintiffs shall disclose and provide reports of any experts within 14 days of the close of fact discovery. Defendant shall depose Plaintiffs' experts within 30 days of their disclosure. Defendant shall disclose and provide reports of any experts within 60 days of the close of fact discovery. Plaintiffs shall depose Defendant's experts within 30 days of their disclosure.

8. Damage analysis: The parties request that Plaintiffs be required to submit a damage analysis at least 60 days prior to the conclusion of fact discovery.

9. Undersigned counsel are continuing to discuss the disclosure and preservation of electronically stored information (ESI), including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to produce electronically stored information that is relevant, responsive, not privileged, not inaccessible, and proportional to the needs of the case, subject to Rule 26(b)(1) and 26(b)(2) limitations that apply to all discovery.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production consistent with Rule 26(b)(5).  They have begun to confer about procedures to protect personal health information produced in discovery and will continue to do so.

### F.   Dispositive Motions

Dispositive motions will be filed no later than 45 days after the close of discovery. Oppositions will be filed 45 days thereafter, and replies will be filed within 21 days after that.

### G.   Class Certification

The motion for class certification will be filed no later than 45 days after the close of discovery and will follow the same briefing schedule as the dispositive motions.

### H.   Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days after the entry on the ruling on the last dispositive motion. If dispositive motions are not filed, the joint trial memorandum required by the

Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days after the deadline to file dispositive motions.

## VI. TRIAL READINESS

The case will be ready for trial within 60 days after the filing of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

    Respectfully submitted,

    */s/ Kim E. Rinehart*
    Kim E. Rinehart (ct24427)
    Jonathan M. Freiman (ct24248)
    Richard Luedeman (ct30515)
    WIGGIN AND DANA LLP
    One Century Tower
    P.O. Box 1832
    New Haven, CT 06508-1832
    Tel: (203) 498-4400
    Fax: (203) 782-2889
    jfreiman@wiggin.com
    krinehart@wiggin.com
    rluedeman@wiggin.com

    *Counsel for Defendant*

    */s/ Joshua R. Goodbaum*
    Joshua R. Goodbaum (ct28834)
    Joseph D. Garrison (ct04132)
    Elisabeth J. Lee (ct30652)
    GARRISON, LEVIN-EPSTEIN, FITZGERALD & PIRROTTI, P.C.
    405 Orange Street
    New Haven, CT 06511
    Tel: (203) 777-4425
    Fax: (203) 776-3965
    jgoodbaum@garrisonlaw.com
    jgarrison@garrisonlaw.com

elee@garrisonlaw.com

Dara S. Smith (*pro hac vice*)
Elizabeth Aniskevich (*pro hac viced*)
Daniel B. Kohrman (*pro hac vice*)
AARP FOUNDATION LITIGATION
601 E Street, NW
Washington, DC 20049
Tel: (202) 434-6280
Fax: (202) 434-6424
dsmith@aarp.org
eaniskevich@aarp.org
dkohrman@aarp.org

*Counsel for Plaintiffs*

490\275\4820-8919-5689.v1