## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA KWESELL; CHRISTINE TURECEK; AND JASON SCHWARTZ, individually and on behalf all others similarly situated, | : : : : | CIVIL ACTION NO.: 3:19-cv-01098 (KAD) |
| Plaintiffs, | : : | *Putative class action* |
| v. | : : | |
| YALE UNIVERSITY, | : : | |
| Defendant. | : : | November 15, 2019 |

## **DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT**

In response to Plaintiffs' First Amended Complaint ("FAC"), Defendant Yale University ("Yale") admits, denies, or otherwise responds as follows to each of the FAC's paragraphs as they are numbered in the FAC:

## RESPONSES TO PLAINTIFFS' ALLEGATIONS

### INTRODUCTION

1. Yale admits that Plaintiffs have filed this case as a putative class action on behalf of current and former Yale employees eligible to participate in Yale's Health Expectations Program (the "Program" or "HEP"); denies the remainder of the paragraph and any suggestion that this matter is suitable for class treatment.

2. Yale admits that the Program is an employee wellness program and that employee wellness programs are "commonplace"; lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

3. Yale lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, except to deny any suggestion that employee wellness programs do not provide benefits to employees and that incentives are unimportant to achieving these benefits.

4. Yale admits that the Program's financial incentive is $25 per week but denies the remainder of the first two sentences. Yale lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

5. Yale denies the allegations of this paragraph except to admit that the $25 payments are deducted from employee paychecks.

6. Denies.

7. Yale denies that the Program is not a free choice; lacks sufficient knowledge or information to admit or deny the remaining allegations of this paragraph.

1

8. Denies.

## JURISDICTION AND VENUE

9. Admits.

10. Admits.

## PARTIES

11. Yale lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, except to admit that Lisa Kwesell is a member of Local 34.

12. Yale lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, except to admit that Christine Turecek is a member of Local 35.

13. Yale lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, except to admit that Jason Schwartz is a member of Local 35.

14. Admits.

15. Admits.

## BACKGROUND

16. Yale lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

17. Yale lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

18. This paragraph states legal conclusions as to which no response is required.

19. This paragraph states legal conclusions as to which no response is required.

20. This paragraph states legal conclusions as to which no response is required.

21. This paragraph states legal conclusions as to which no response is required.

22. This paragraph states legal conclusions as to which no response is required.

23. This paragraph states legal conclusions as to which no response is required.

24. This paragraph states legal conclusions as to which no response is required.

25. This paragraph states legal conclusions as to which no response is required.

26. This paragraph states legal conclusions as to which no response is required.

27. This paragraph states legal conclusions as to which no response is required.

28. This paragraph states legal conclusions as to which no response is required.

29. This paragraph states legal conclusions as to which no response is required.

30. Admits.

31. This paragraph states legal conclusions as to which no response is required.

32. Denies.

33. This paragraph states legal conclusions as to which no response is required.

34. This paragraph states legal conclusions as to which no response is required.

35. This paragraph states legal conclusions as to which no response is required. The referenced legal decision speaks for itself.

36. This paragraph states legal conclusions as to which no response is required.

37. This paragraph states legal conclusions as to which no response is required.

### SUBSTANTIVE ALLEGATIONS

38. Denies, except to admit that in or around January 2017, Yale entered into new collective bargaining agreements with Local 34 and Local 35, unions representing workers at Yale.

39. Admits.

40. Yale lacks sufficient knowledge or information to admit or deny the allegations in

this paragraph.

41. Yale admits that the table accompanying this paragraph is an accurate representation of the Program's requirements, all of which are subject to exceptions; denies the remainder of the paragraph.

42. Denies, except to admit that Yale began charging $25 weekly opt-out incentive fee in November 2018 for those who elected not to participate in the Program.

43. Denies, except to admit that Program participation includes health coaching for those who have certain risk factors combined with a diagnosis of diabetes, heart disease, hyperlipidemia, chronic obtrusive pulmonary disease, heart failure, or hypertension

44. Yale admits that health coaching appointments vary in length and can occur in person or over the phone, and that the annual minimum for Program participants is three hours of coaching; denies the remaining allegations of this paragraph.

45. Yale lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

46. Yale lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

47. Yale lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

48. Yale admits that health coaching is part of Program participation for some employees but denies the remainder of the paragraph.

49. Yale admits that it contracts with vendors to administer the Program, which involves sharing certain employee medical information with those vendors subject to HIPAA-compliant business associate agreements containing privacy protections, but denies the

remainder of this paragraph.

50. Yale admits that a private company called HealthMine, pursuant to a HIPAA-compliant business associate agreement with Yale, administers the Program by monitoring employees' participation in the Program. Yale admits that HealthMine also identifies employees with chronic health risk factors.

51. Yale admits that if HealthMine identifies an individual for health coaching, it provides limited information to Trestle Tree (which also has a HIPAA-compliant business associate agreement with Yale) regarding the individual and Trestle Tree pairs the individual with a health coach. Should the health coach require further information, a separate consent would be obtained by the health coach directly with the referred individual. Yale denies the remainder of this paragraph.

52. Denies, except to admit that the Program's Health Action Credit Form authorizes the release of health information to Trestle Tree.

53. Yale lacks sufficient knowledge or information to state a position on the truth of the allegations in this paragraph, except to admit that pursuant to HIPAA-compliant business associate agreements, HealthMine may access certain employee medical information and may share certain information with Trestle Tree for the purpose of administering the Program.

54. Denies.

55. Yale admits that the Program's financial incentive is $25 per week; denies the remainder of the paragraph.

56. Yale admits that an employee's decision whether to participate in the Program is assessed on a quarterly basis and that one way to opt in is to comply with required health actions.

57. Yale admits that it has sent reminders to union members encouraging them to

receive the preventive health services included in the Program and alerting them that opting out entails a $25 weekly fee. Yale lacks sufficient knowledge or information at this time to state a position on whether specific language quoted in this paragraph was included in its communications.

58. Denied, except admitted that the minimum base pay for members of Local 34 and 35 is established by the Collective Bargaining Agreements, which are incorporated by reference in the FAC.

59-71. Yale lacks sufficient knowledge or information to admit or deny the truth of these statements.

72. Denies, except to admit that there is a $25 opt-out fee for those electing not to participate in the program.

73-85. Yale lacks sufficient knowledge or information to admit or deny the allegations in these paragraphs.

86. Yale admits that YPBA is the union that represents members of Yale Police Department and that the $25 incentive fee does not apply to YPBA members; denies the remaining allegations of this paragraph.

87. Yale admits that the collective bargaining agreement negotiated by YPBA does not include the $25 incentive fee and instead includes a higher health care contribution by employees. Yale lacks sufficient knowledge or information to admit or deny the remaining allegations of this paragraph.

88. Yale admits that the collective bargaining agreement negotiated by YPBA does not include the $25 incentive fee and instead includes a higher health care contribution by employees. Yale lacks sufficient knowledge or information to admit or deny the remaining

allegations of this paragraph.

89. Denies, except to admit that the $25 incentive to participate in the Program does not apply to YPBA members and that Yale notified YPBA members that their participation was voluntary.

90. Denies.

91. Yale admits that the CHRO issued Lisa Kwesell a release of jurisdiction on April 22, 2019, and that the EEOC issued a right-to-sue letter; lacks sufficient knowledge or information to state a position on when Ms. Kwesell received those documents.

92. This paragraph states a legal conclusion as to which no response is required.

## CLASS ACTION ALLEGATIONS

93. Yale admits that this paragraph states the relief Plaintiffs seek; denies that this case is appropriate for class treatment or that Plaintiffs are entitled to any of the relief requested.

94. Denies.

95. Denies.

96. Denies.

97. Denies.

98. Denies.

99. Denies.

100. Denies.

101. Denies.

102. Denies.

## CAUSES OF ACTION

### Count I

103. Yale incorporates by reference all answers to the preceding paragraphs as if fully set forth herein.

104. Admits.

105. Denies.

106. This paragraph states legal conclusions as to which no response is required.

107. This paragraph states legal conclusions as to which no response is required.

108. Denies, except to admit that individuals who elect not to participate in HEP pay a $25 per week opt-out fee.

### Count II

109. Yale incorporates by reference all answers to the preceding paragraphs as if fully set forth herein.

110. Admits.

111. Denies.

112. This paragraph states legal conclusions as to which no response is required..

113. This paragraph states legal conclusions as to which no response is required.

114. Denies, except to admit that individuals who elect not to participate in HEP pay a $25 per week opt-out fee.

### Count III

115. Yale incorporates by reference all answers to the preceding paragraphs as if fully set forth herein.

116. Denies.

117. This paragraph states legal conclusions as to which no response is required.

118. This paragraph states legal conclusions as to which no response is required.

119.   This paragraph states legal conclusions as to which no response is required.

120.   Denies.

121.   Denies.

122.   Denies, except to admit that individuals who elect not to participate in the HEP pay a $25 weekly opt-out fee.

## Count IV

123.   Yale incorporates by reference all answers to the preceding paragraphs as if fully set forth herein.

124.   Denies.

125.   This paragraph states legal conclusions as to which no response is required.

126.   This paragraph states legal conclusions as to which no response is required.

127.   This paragraph states legal conclusions as to which no response is required.

128.   Denies.

129.   Denies.

130.   Denies, except to admit that those who elect not to participate in the HEP pay a Plaintiffs' lack standing to assert weekly opt-out fee.

\*   \*   \*

Yale denies all other allegations in the FAC not expressly admitted above.

## **AFFIRMATIVE DEFENSES**

1.   Plaintiffs lack standing to assert claims under the Genetic Information Nondiscrimination Act.

2.   Plaintiffs' claims are barred by the doctrines of waiver and estoppel. Plaintiffs voluntarily agreed to the Program through their collective bargaining agreements. Moreover,

each individual Plaintiff had and made voluntary choices whether to pay a fee in lieu of receiving medical screening or medical coaching or seeking appropriate exemptions.

WHEREFORE, having fully answered Plaintiffs' FAC, Yale prays for a judgment in its favor on all counts of the FAC and for such further relief as the Court may deem just.

|  |  |
|---|---|
|  | Respectfully submitted, |
| November 15, 2019 | */s/ Jonathan M. Freiman* |
|  | Jonathan M. Freiman (ct24248)<br>Kim E. Rinehart (ct24427)<br>Richard Luedeman (ct30515)<br>WIGGIN AND DANA LLP<br>One Century Tower<br>P.O. Box 1832<br>New Haven, CT 06508-1832<br>Tel: (203) 498-4400<br>Fax: (203) 782-2889<br>jfreiman@wiggin.com<br>krinehart@wiggin.com<br>rluedeman@wiggin.com |
|  | *Counsel for Defendant* |

490\275\4831-2917-4701.v2