<u>Kwesell, et al., v. Yale University</u>, Case No. 3:19-cv-01098 (KAD)

United States District Court for the District of Connecticut

# Class Action Settlement Notice

**A federal court authorized this notice.  This is not a solicitation from a lawyer.**

*Why am I receiving this?* You are receiving this notice because the records of Yale University ("Yale") indicate that you either participated in Yale's employee wellness program, known as the Yale Health Expectations Program ("HEP"), or paid an opt-out fee in connection with the program. On [insert date of court order granting preliminary approval], the Court in the above action (the "Action" or "Lawsuit") granted preliminary approval of a proposed class action settlement relating to the HEP as set forth in the parties' Stipulation of Agreement and Settlement ("Settlement" or "Agreement").  Because you participated in the HEP or paid an opt-out fee, you are eligible to participate in the Settlement process.

*What is the Lawsuit about?*  The individuals who brought the Action, known as "the Plaintiffs," allege that the HEP violated the Americans with Disabilities Act ("ADA") and the Genetic Information Nondiscrimination Act ("GINA") by requiring employees to pay a weekly opt-out fee if they and/or their spouses did not undertake certain health actions (i.e., doctor's visits, diagnostic tests, and in some cases health coaching), and by transferring spousal insurance claims data to a wellness vendor without their consent.  The ADA and GINA permit voluntary employer wellness programs, but Plaintiffs contended that the opt-out fee rendered the HEP non-voluntary.  The HEP was developed by Yale in conjunction with two unions as part of a collective bargaining agreement.  At the time the program was developed, federal regulations authorized the charging of opt-out fees.  However, those regulations were subsequently invalidated, resulting in uncertainty regarding the permissible use and amount of opt-out fees.  While Yale contends its conduct is now, and always was, lawful, the parties have elected to resolve the Lawsuit to avoid the uncertainty and cost of further litigation.

*What benefits does the Settlement provide Class Members?* All Class Members who do not opt-out of the Settlement will be entitled to an automatic monetary distribution, equal to a percentage of the opt-out fees paid by the Class Member (currently estimated at approximately 50% of the opt-out fees paid, but ultimately to be determined by the Settlement's Plan of Allocation), plus other payments depending on whether the Class Member complied with the HEP's requirements, participated in health coaching, and if the employee's spouse participated in health coaching.  Further details about the calculation of these payments are set out below in Section 6. In addition to the monetary benefits provided by the Settlement, Yale has agreed not to collect the opt-out fees for HEP non-participation and to modify its data sharing practices for the duration of the Settlement.

*What is this notice*? This notice only summarizes the Settlement. For more information, visit [insertwebsite].

1

YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT. READ THIS NOTICE CAREFULLY.

| Summary of Your Legal Rights and Options | |
|---|---|
| **Exclude yourself from the Settlement** | Get no payment. Keep any rights to bring or join a case against Yale about the claims being resolved by this Settlement. You will lose the ability to recover any monetary payment under the Settlement. |
| **Object to the Settlement** | Write to the Court about why you do not like the Settlement to help the Court decide whether to approve the Settlement. Note that the Court cannot order that you receive more money from the Settlement even if it agrees with you. If the Court does not approve the Settlement, the parties will continue to litigate the Action. |
| **Do nothing and receive payment** | If you do nothing, you will get a payment automatically, release your claims that are covered by the Settlement, and give up your right to assert the claims being resolved by this Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court has not yet decided whether to finally approve the Settlement. Payments will be made only if the Court finally approves the Settlement and after appeals, if any, are resolved.  Please be patient.

## What This Notice Contains

BASIC INFORMATION
1. Why did I get this notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

WHO IS IN THE SETTLEMENT
5. Who is included in the Settlement?

THE SETTLEMENT BENEFITS—WHAT YOU GET
6. What does the Settlement provide?

HOW YOU GET A PAYMENT
7. How can I get a payment?
8. When would I get my payment?

RELEASE AGREEMENT
9. What am I giving up to get a payment?

THE LAWYERS REPRESENTING YOU
10. Do I have a lawyer in this case?
11. How will Class Counsel, Class Representatives, and Declarants be paid?

EXCLUDING YOURSELF FROM THE SETTLEMENT
12. What does excluding yourself from the Settlement mean?
13. How do I get out of the Settlement?

OBJECTING TO THE SETTLEMENT
14. What does objecting to the Settlement mean?
15. How do I tell the Court that I do not like the Settlement?
16. What's the difference between objecting and excluding?

THE COURT'S FINAL APPROVAL HEARING
17. When and where will the Court decide whether to approve the Settlement?
18. Do I have to come to the hearing?
19. May I speak at the hearing?

IF YOU DO NOTHING
20. What happens if I do nothing at all?

GETTING MORE INFORMATION
21. Are there more details about the Settlement?

# Basic Information

**1.     Why did I get this notice package?**

The purpose of this notice is to let you know that the Parties in the case have reached a Settlement, subject to Court approval in the class action known as *Kwesell, et al. v. Yale University*, No. 3:19-cv-01098 (KAD), pending in the United States District Court for the District of Connecticut (the "Lawsuit"). You have received this notice because Yale's records show that you were required to participate in the Health Expectations Program ("HEP") or pay an opt-out fee between September 2018, when compliance with the HEP began to be tracked, and May 14, 2020, when Yale ceased collecting the opt-out fee.

The Court authorized that you be sent this notice because you have a right to know about the proposed Settlement of the Lawsuit and about your options before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement and after any objections and appeals are resolved, the Settlement Administrator will make the payments provided by the Settlement. This notice provides you with instructions on the options available to you and how you can receive payment under this Settlement.

**2.     What is this Lawsuit about?**

In the Lawsuit, Plaintiffs allege that Yale violated the Americans with Disabilities Act ("ADA") and the Genetic Information Nondiscrimination Act ("GINA") by requiring employees to pay a weekly opt-out fee if they and/or their spouses did not undertake certain health actions (i.e., doctor's visits, diagnostic tests and in some instances, health coaching), and by transferring spousal insurance claims data from Healthmine (a Yale business associate involved in operating the HEP) to TrestleTree, another vendor involved in providing health coaching to HEP participants. Yale denies these allegations and asserts that the HEP is now, and always has been, lawful.

**3.     Why is this a class action?**

In a class action, one or more people, called "Class Representatives" or "Plaintiffs" (in this case, Lisa Kwesell, Christine Turecek, and Jason Schwartz) sue on behalf of people who have similar claims. In a class action, all people with similar class claims are called "class members." Class members do not need to do anything to be part of a class action. Once the Court decides that a case can proceed as a class action (as the Court here has done conditionally for purposes of this Settlement), all class members are included in the class by default, except for those who exclude themselves (the process for excluding yourself is described in section 12-13, below). In a class action, the court resolves the issues for all class members in one legal proceeding. "Class Members" for purposes of this Settlement are defined in section 5, below.

The Honorable Kari A. Dooley, United States District Judge, is presiding over this class action.

**4.    Why is there a settlement?**

The Court did not decide in favor of either party. Instead, both sides agreed to a settlement, which, if approved, brings the Lawsuit to an end. That way, Plaintiffs and Yale avoid the cost, delay, and uncertainty of moving forward in litigation to trial and possible appeals, and the Class Members can get compensation. The Class Representatives and their attorneys ("Class Counsel") believe that the Settlement is fair, reasonable, adequate and in the best interests of the Class Members.

# Who is in the Settlement

**5.    Who is included in the Settlement?**

The Settlement provides benefits to the Class Members. Class Members are:

> All current or former Yale University employees who were required to participate in the HEP or pay an opt-out fee[1] from the time when Yale began tracking compliance with the HEP in September 2018 through May 14, 2020, the date Yale ceased collecting the opt-out fee.

# The Settlement Benefits—What You Get

**6.    What does the Settlement provide?**

**Monetary relief.** Yale has agreed to pay a Total Settlement Amount of $1,290,000, to provide monetary compensation to Class Members who do not opt-out ("Participating Class Members") and to pay any court-approved Service Awards to the Class Representatives and other individuals named in the Amended Complaint who assisted with the litigation, as well as to pay any court-approved attorneys' fees and costs incurred by Class Counsel. Court approved service awards, attorneys' fees and costs shall be deducted from the Total Settlement Amount to yield a Net Amount, available for distribution to Participating Class Members.

Participating Class members—that is, anyone who does not opt-out—will receive money from the Settlement fund. They will be paid according to the following allocation:

- Each Participating Class Member who attended health coaching will receive $225.00.

---

[1] This includes employees in Local 34 UNITE HERE (the clerical and technical union), Local 35 UNITE HERE (the service and maintenance union), the Yale University Security Officers Association (YUSOA), and clerical and technical employees excluded from the bargaining unit. The Class membership will be determined based on data provided by HealthMine, a vendor who assisted in operating the HEP.  To avoid double payments, in the event that an individual was both a Yale employee and a spouse of another Yale employee, the individual will only be treated in one capacity, and that capacity will be determined by Healthmine's data.

- Each Participating Class Member whose spouse attended health coaching will receive $50.00.
- Each Participating Class Member who did not attend health coaching but was at any time deemed compliant with the HEP will receive $50.00. This includes any individual who paid HEP fees at some point but who was also deemed compliant for any time period before Yale stopped collecting fees under the HEP.
- *Additive nature of awards.* Participating Class Members who fall into multiple categories described above will receive the cumulative value of all payments to which they are entitled, except that individuals who receive $225 for their participation in health coaching will not also receive $50 for being deemed compliant with the HEP.
- Each Participating Class Member who paid any HEP opt-out fees will receive a percentage of the amount deducted from their pay for these fees. The percentage of fees will be determined by taking the Net Amount and subtracting the value of the payments set out above for compliance, coaching and spousal coaching. The parties currently estimate that the percentage will be approximately 50% of the opt-out fees paid by each Class Member, but the final amount will depend on a variety of factors including the number of Class Members who opt-out, and the amount of service awards and attorneys' fees and costs approved by the Court.

Yale has also agreed to take the following actions for the duration of the settlement, which is four (4) years or until there is a change in the law regarding the use of financial incentives in employee wellness programs, whichever comes first:

- **HEP Fees:** Yale University will not collect any HEP fees.
- **Privacy Protections:**

    o Yale will direct Healthmine not to send data to TrestleTree for the purpose of health coaching referrals without express consent. Yale will direct TrestleTree to purge all data relating to completed prior health coaching engagements from its records. For those individuals who are actively engaged in health coaching currently, TrestleTree will notify individuals in advance and give them the option to have their records retained (or purged) and to continue coaching (or not) as they desire.
    o If a health coach entered a note in the patient's electronic medical record, that note (which is not part of TrestleTree's records) will not be purged.
    o TrestleTree also provides coaching outside of the context of the HEP. Records associated with coaching outside the HEP will not be affected by this Agreement.
    o Yale will otherwise retain the right to use business associates (including Healthmine, TrestleTree or others) in connection with the management of the Yale Group Health Plan, including for data analysis and to send reminders regarding recommended health activities. Reminders will not

6

indicate that any activity is mandatory or that failure or refusal to complete it will result in any monetary penalty.

**Tax treatment of awards.** The portion of any monetary payment to Participating Class Members that is based on HEP opt-out fees will be treated as wages, and normal payroll taxes and withholdings will be deducted from this portion of these monetary payments pursuant to applicable law. This portion of monetary payments will be reported on an IRS Form W-2. All other payments, including service awards to named individuals, will be treated as miscellaneous income and reported on an IRS form 1099. You will be responsible for correctly reporting this for tax purposes and for paying any taxes on the amounts received. Yale, Defendant's Counsel, and Class Counsel are not providing tax advice to you, and they make no representations regarding the tax characterization of any Settlement payments or any tax obligations of, or tax consequences to, any Class Member.

## How You Get a Payment

**7.     How can I get a payment?**

You do not need to do anything to receive a payment.  If you do not opt out of the Settlement within the allowed time period, and the Settlement is approved by the Court, you will automatically receive a payment.  The payment will be sent via check.  You will need to cash the check within 120 days or it will be void.

**8.     When would I get my payment?**

The terms and conditions of this Settlement are subject to Court approval. The Court will hold a hearing on [insert final approval hearing date], to decide whether to approve the Settlement. (That date is subject to change without further notice.) If the Court approves the Settlement, and there are no appeals, we estimate that payment will be made around [insert approximate date]. However, because it is always possible for there to be unexpected delays or appeals, the payment may be delayed by a year or more, or an appeals court may determine that the payments cannot be made. If the Court does not approve the Settlement, no payment will be distributed to any individual, the entire Settlement will be void and unenforceable, and the Parties shall be restored to the status quo ante, that is, their respective positions that existed in this Lawsuit prior to entering into this Settlement Agreement.

The Settlement Administrator will provide regular updates on the status of the Settlement at [website].  If your contact information changes, please inform the Settlement Administrator.

## Release Agreement

**9.     What am I giving up to get a payment?**

**Release.** Unless you exclude yourself from the Settlement, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Yale or other released parties about the legal issues resolved by this Settlement. The full text of the release is provided in Section 12 of the Settlement. It also means that all the

7

Court's orders will apply to you and legally bind you. If you do not exclude yourself, you are knowingly and voluntarily releasing and waiving any claims against Yale and other released parties that were raised in this Lawsuit or which could have been raised in this litigation relating to the operation of HEP. This applies to you and anyone else who could or can raise claims on your behalf.

## The Lawyers Representing You

**10.   Do I have a lawyer in this case?**

The Court appointed attorneys to represent you and the other Class Members: Dara Smith, Elizabeth Aniskevich, and Daniel Kohrman of the charitable nonprofit AARP Foundation, and Joshua Goodbaum of the law firm Garrison, Levin-Epstein, Fitzgerald and Pirrotti, P.C.

Together, these lawyers are called Class Counsel or Plaintiffs' Counsel. You will not be personally charged for these lawyers' work in securing the Settlement benefits for you and the other Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense.

**11.   How will Class Counsel, Class Representatives, and Named Individuals be paid?**

Class Counsel will ask the Court for attorneys' fees of up to $200,000 which amounts to 15.5 percent of the $1,290,000 Settlement fund and reimbursement of out-of-pocket costs of up to $10,000 consistent with the terms of the Settlement Agreement. In addition, Class Counsel will apply to the Court for a service award of up to $10,000 for Lisa Kwesell and Christine Turecek, and $5,000 for Jason Schwartz, and $1,000 for each Named Individual who appears in the Amended Complaint (for a total of $14,000 allotted to Named Individuals). These service awards are being requested in recognition of the time and effort incurred by these individuals in securing the benefits of this Settlement for you and the Class Members. The Court will decide whether to approve these requests.

## Excluding Yourself from the Settlement

**12.   What does excluding yourself from the Settlement mean?**

If you want to preserve your right to sue Yale on your own about the legal issues in this case, then you need to take steps to get out. This is called excluding yourself from—or opting out of—the Settlement.

**13.   How do I get out of the Settlement?**

To exclude yourself from (opt out of) the Settlement and not release any claims, you must send a letter saying that you want to be excluded from the Settlement, and that you understand that you will not receive money from it. You must include your (1) name, (2) address, (3) telephone number, and the following statement: "I decline to provide a release of claims and instead elect to exclude myself from the monetary relief provision in the Settlement in *Kwesell v.*

*Yale University*. That means I will not be entitled to any of the monetary proceeds of the Settlement."

Your opt-out request must be received or postmarked by [insert date]. Opt-out requests should be sent by mail to the Settlement Administrator, whose contact information is listed in section 21.

If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Lawsuit, and the Settlement will not affect any right you might have, if any, to pursue legal action against Yale on your own.

## Objecting to the Settlement

**14.    What does objecting to the Settlement mean?**

You can tell the Court what you think about the Settlement.

**15.    How do I tell the Court that I do not like the Settlement?**

If you do not opt-out, you are a Participating Class Member, and you can object to the Settlement.

The Court cannot order a larger (or smaller, or otherwise different) settlement; it can only approve or deny the Settlement. If the Court denies approval, there will be no Settlement at this time, no Settlement payments will be sent out, and the Lawsuit will continue.

Any objection to the proposed Settlement must be sent to the Settlement Administrator or filed with the Court by [insert date].  The objection statement must be in writing and signed and must include the case name, *Kwesell, et al., v. Yale University*, Case No. 3:19-cv-01098 (KAD), your name, address, and telephone number to be valid. The objection statement must also set forth the legal and factual basis for the objection. If you are represented by counsel, the objection statement must also list the name, address and telephone number of that counsel. If you retain counsel, it will be your obligation to compensate such counsel. Class Members who fail to make objections in the manner specified herein shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

Your objection will be considered by the Court whether or not you appear at the final approval hearing to discuss it.  However, if you who wish to appear at the Final Approval Hearing to present your objection, you must file with the Clerk of the Court and serve upon counsel a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") no later than [INSERT DATE]. The Notice of Intention to Appear must adhere to those requirements applicable to all objections but must also include copies of any papers, exhibits, or other evidence that you (or your counsel) intend to present to the Court in connection with the Final Approval Hearing.  The Notice of Intention to Appear must also list any other class settlements to which you have objected.  If you file a Notice of Intention to Appear, you must be

9

willing to promptly make yourself available for deposition by the Parties. If you are represented by counsel, the Notice of Intention to Appear must identify the name, address and phone number of your counsel. Any Class Member who does not file a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in this Notice and the Agreement, shall, subject to the Court's final determination in the exercise of its discretion, be deemed to have waived their opportunity to speak or otherwise present any views at any Final Approval Hearing.

**16.    What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Class to preserve your right to assert these claims in another lawsuit. If you exclude yourself, you have no basis to object because you are not part of the Class, so the case no longer affects you.

## The Court's Final Approval Hearing

The Court will hold a final approval hearing to decide whether to approve the Settlement. You need not attend, but you may do so.

**17.    Where and when will the Court decide whether to approve the Settlement?**

The Court will hold a final approval hearing at [insert time and date], at the United States District Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604, Courtroom 4, before the Honorable Kari A. Dooley, United States District Judge.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Dooley will listen to people who wish to speak at the hearing, so long as they have filed a Notice of Intent to Appear that meets the requirements of Section 15 above. The Court will also decide how much to pay Class Counsel, the Class Representatives and the Named Individuals. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The final approval hearing may be postponed without further notice to you. If you plan to attend the hearing, you should check [settlement website] or the Court's PACER site at https://ecf.ctd.uscourts.gov to confirm that the date has not been changed.

**18.    Do I have to come to the hearing?**

No. Unless you opt out of the Settlement, Class Counsel will represent you and will answer any questions Judge Dooley may have. But you are welcome to come at your own expense. If you send a comment (including an objection), you do not have to come to Court to talk about it. As long as you submitted it on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**19.    May I speak at the hearing?**

You may ask the Court for permission to speak at the fairness hearing. To do so, you must submit a Notice of Intention to Appear in accordance with the procedures set out in section 15 above. This requirement may be excused upon a showing of good cause.

You cannot speak at the hearing if you excluded yourself, because the case no longer affects you.

## If You Do Nothing

**20      What happens if I do nothing at all?**

If you do nothing, and the Settlement is approved, you will receive a payment from the settlement fund and you will be bound by all terms of the Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Yale for the claims you are releasing in this Settlement.

## Getting More Information

**21      Are there more details about the Settlement?**

This Notice is intended to be a summary of the terms of the Settlement. The Stipulation and Agreement of Settlement, the Amended Complaint, the Preliminary Approval Order, and other important documents are all available at www._____.com.

You may also obtain this information by Class Counsel at AARP Foundation at (202) 464-6280, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ctd.uscourts.gov or by visiting the office of the Clerk of the Court for the United States District Court for the District of Connecticut at 915 Lafayette Boulevard, Bridgeport, Connecticut 06604, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excludingCourt holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

By order of the United States District Court for the District of Connecticut.

Dated: [DATE]