UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LISA KWESELL; CHRISTINE TURECEK; AND JASON SCHWARTZ**, individually and on behalf all others similarly situated, | : : : : : | CIVIL ACTION NO.: 3:19-cv-01098 (KAD) |
| Plaintiffs, | : : | |
| | : | JUNE 13, 2022 |
| v. | : : | |
| YALE UNIVERSITY, | : : | |
| Defendant. | : | |

### ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs Lisa Kwesell, Christine Turecek, and Jason Schwartz's (collectively "Plaintiffs") Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement. Defendant, Yale University, does not oppose Plaintiffs' Motion. For good cause shown, and as more fully explained below, the Motion is GRANTED and the Court ORDERS as follows:

I. **Preliminary Approval of Settlement**

The Court, for purposes of this Preliminary Approval Order, hereby adopts and incorporates by reference the definitions in the Stipulation and Agreement of Settlement ("Settlement" or "Agreement"), and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as ascribed to them in the Settlement.

The Court has reviewed the terms of the Settlement, including the plan of allocation and the release of claims. The Court has also read and considered all supporting documents submitted with the Motion for Preliminary Approval. Based on a review of those papers, the

Court finds and concludes that the Settlement is the result of arms-length negotiations conducted between the Parties. The assistance of an experienced mediator in the settlement process supports the finding that the Settlement is non-collusive. The Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable, such that notice to the Class is appropriate. Accordingly, the Court concludes that the Settlement meets the criteria for preliminary approval and the Settlement is hereby preliminarily approved.

## II.   Certification of Rule 23 Settlement Class

For settlement purposes only, the Court preliminarily certifies the following class (the "Class"), pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3):

> All current or former Yale University employees who were required to participate in the HEP or pay an opt-out fee[1] from the time when Yale began tracking compliance with the HEP in September 2018 through May 14, 2020, the date Yale ceased collecting the opt-out fee.

With respect to the Class, the Court preliminarily finds, for purposes of settlement only, that the prerequisites for class certification under Rule 23(a) and 23(b)(3) have been satisfied, in that: (1) the number of class members is so numerous that joinder of all class members is impracticable; (2) there are questions of law and fact common to the class members; (3) the named Plaintiffs' claims are typical of the Class's claims; (4) the class representatives have and will fairly and adequately represent and protect the interests of the Class and have retained experienced counsel to represent them and the Class; (5) questions of law and fact common to

---

[1] This includes employees in Local 34 UNITE HERE (the clerical and technical union), Local 35 UNITE HERE (the service and maintenance union), the Yale University Security Officers Association (YUSOA), and clerical and technical employees excluded from the bargaining unit. The Class membership will be determined based on data provided by HealthMine, a vendor who assisted in operating the HEP. To avoid double payments, in the event that an individual was both a Yale employee and a spouse of another Yale employee, the individual will only be treated in one capacity, and that capacity will be determined by Healthmine's data.

class members predominate over any individual questions; and (6) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

If final approval of the proposed Settlement is not obtained, or if Final Judgment as contemplated herein is not granted, this Order shall be vacated *ab initio* and the Parties shall be restored without prejudice to their respective litigation positions prior to the date of this Order of Preliminary Approval. Neither this Preliminary Approval Order, the Settlement, nor any pleading or other paper related in any way to the Settlement, nor any act or communication in the course of negotiating, implementing or seeking approval of the Agreement, shall be deemed an admission by the Defendant that certification of a class is appropriate in any other litigation, or otherwise shall preclude the Defendant from opposing or asserting any argument they may have with respect to certification of any class(es) or subclass(es) in any proceeding (including in this case should the settlement not become final), or shall be used as precedent in any way as to any subsequent conduct of the Defendant, except as set forth in the Agreement.

**III.      Appointment of Class Representatives and Class Counsel**

The Court finds and concludes that Lisa Kwesell, Christine Turecek, and Jason Schwartz (collectively, the "Class Representatives") are adequate representatives of the Class. The Court therefore appoints Lisa Kwesell, Christine Turecek, and Jason Schwartz to serve as Class Representatives.

The Court finds and concludes that AARP Foundation and Garrison, Levin-Epstein, Fitzgerald & Pirrotti, P.C. have extensive experience in handling employment discrimination cases and class actions and will fairly and adequately represent the Class. The Court appoints AARP Foundation and Garrison, Levin-Epstein, Fitzgerald & Pirrotti as Class Counsel.

## IV. Approval of the Notice and Notice Plan

### A. Best Notice Practicable

The Court finds and concludes that the Notice provided by the Settlement satisfies due process and is the best notice practicable under the circumstances and allows class members full and fair opportunity to consider the Settlement. The Notice fairly, plainly, accurately, and reasonably informs the class members of appropriate information about: (1) the nature of this action, the definition of the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation, and the address for a website, maintained by the Settlement Administrator[2], that has or will have links to the Notice, the Settlement, the Amended Complaint, this order, and any other important documents in the case; (2) how class members' settlement amounts will be calculated; (3) this Court's procedures for final approval of the Settlement, and the class members' right to appear though counsel if they desire; (4) how to object or opt-out of the Settlement; (5) how to obtain additional information regarding this action and the Settlement, including instructions on how to access the case docket via PACER or in person at any of the Court's locations; and (6) the date of the Final Approval Hearing and that the date may change without further notice to the Settlement Class, but that class members may check the settlement website or the Court's PACER site to confirm that the date has not been changed. Accordingly, the Court approves the form of Notice.

The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. As the Settlement involves current and former employees of Yale, Yale will provide to the Settlement Administrator data

---

[2] Under the Settlement, Yale may act as the Settlement Administrator or, at its election, retain a third-party administrator to handle some or all of the administration functions. References to the Settlement Administrator refer to Yale or the administrator that it retains. In either event, Yale shall bear the costs of administration.

relating to the Class Members to enable Notice to be mailed. The Settlement Administrator shall distribute the Notice to all class members by first-class mail, postage pre-paid to their last known mailing addresses (which will be updated by the Settlement Administrator prior to mailing) within forty-five (45) days after entry of the Preliminary Approval Order.

Plaintiffs shall file with their motion for final approval, a declaration from the Settlement Administrator, verifying that the mailing of Notice occurred as provided by this Order. Accordingly, the Court approves the proposed plan for distributing the Notice.

### B. CAFA Notice of Proposed Settlement

Within ten (10) calendar days after the Court's entry of the Preliminary Approval Order, Yale University or the Settlement Administrator shall provide notice of the proposed Settlement to state and federal officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b). The Court finds and concludes that the above-referenced actions will discharge Yale University's obligations under CAFA to provide notice to the appropriate federal and state officials.

### V. Procedures for Final Approval of the Settlement

#### A. Final Approval Hearing

The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement (the "Final Approval Hearing") for November 22, 2022, at 11:00 a.m. The date of the hearing may be changed without further notice to class members. However, if the hearing date is changed, the settlement website shall be promptly updated to reflect such a change.

#### B. No Claim Form Required

This is an automatic distribution settlement. Any Class Member that does not opt-out will receive a distribution from the Settlement fund in accordance with the plan of allocation without

the need to submit a claim form. If the Settlement is finally approved, funds will be distributed within twenty-eight days after the Final Approval Order becomes Effective.

### C. Opting-Out of the Settlement

#### 1. Form of Opt-Out Request

Any Class Member may opt-out of participating in the monetary portion of the Settlement by submitting a signed letter to the Settlement Administrator, stating that he or she chooses to opt-out of the monetary portion of the Settlement. The Opt-Out Statement must contain the name, address, and telephone number of the individual to be valid. It must also contain the following words to be valid: "I decline to provide a release of claims and instead elect to exclude myself from the monetary relief provisions in the Settlement in *Kwesell v. Yale University*. That means I will not be entitled to any of the monetary proceeds of the Settlement." To be effective, the Opt-Out Statement must be sent via mail and postmarked by a date certain specified in the Notice. The postmark date of the mailing envelop shall be the exclusive means used to determine whether an opt-out has been timely submitted.

#### 2. Deadline for Opting-Out

An Opt-Out Statement will be deemed timely submitted to the Settlement Administrator if it is mailed by first-class mail and post-marked by not later than sixty-three (63) days after the Settlement Administrator first mails the Notice to class members. Only those class members who submit their Opt-Out statements within the time provided and in the manner set forth in this Order will be excluded from the Settlement. Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(2), the Settlement will have no binding effect on any class member who properly opts-out of the Settlement in the manner required by this Order.

All Class Members who do not opt out of the Class shall be bound by any Approval Order and Final Judgment entered pursuant to the Settlement, and shall be barred and enjoined, now and in the future, from asserting any and all of the Released Claims, as defined in the Settlement, and any such Class Member shall be conclusively deemed to have released any and all such Released Claims.

### D. Filing Comments or Objections to the Settlement

Any Class Member who wishes to comment or object to the fairness, reasonableness, or adequacy of the Settlement must do so in writing as provided in the Notice.  The comment or objection must (a) clearly identify the case name and number, *Kwesell v. Yale University*, 3:19-cv-1098, (b) contain the name, address, and telephone number of the class member; (c) set forth the legal and factual basis for the objection, and (d) be postmarked within sixty-three days (63) after the date of the Notice mailing and/or filed with the United States District Court for the District of Connecticut within the same time period.  Any Class Member who fails to object in the manner prescribed by this Order will be deemed to have waived, and will be foreclosed from raising, any such comment or objection, except for good cause shown.

An objector who wishes to appear at the Final Approval Hearing must file with the Clerk of the Court and serve upon counsel a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") no later than the deadline for the objection. In addition to the criteria applicable to all objections, the Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector (or his/her counsel) shall present to the Court in connection with the Final Approval Hearing.  The Notice of Intention to Appear must also list any other class settlements to which the individual has objected.  Any Class Member who files a Notice of Intention to Appear must be willing to promptly make themselves available for

deposition by the Parties.  If the objector is represented by counsel, the Notice of Intention to Appear must identify the name, address and phone number of Counsel. Any Class Member who does not provide a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in this Order and the Agreement, or who has not filed an objection in complete accordance with the deadlines and other specifications set forth therein, shall, subject to the Court's final determination in the exercise of its discretion, be deemed to have waived their opportunity to speak or otherwise present any views at any Final Approval Hearing.  Any lawyer representing a Class Member for the purpose of making an objection must also file a Notice of Appearance with the Court by the deadline for objection and must also serve copies by mail on counsel for the Parties.

### E.  Deadline for Submitting Motion for Final Approval

At least ninety (91) days after the initial Notice mailing date, and at least seven (7) days before the Final Approval Hearing, Plaintiffs will file a motion for final approval of the Settlement. Plaintiffs may respond or reply to any Objections at that time as well.

### F.  Deadline for Motion for Class Counsel Attorneys' Fees and Costs

At least ninety (91) days after the initial Notice mailing date, and at least seven (7) days before the Final Approval Hearing, Class Counsel will file a motion for approval of their attorneys' fees and costs.

## VI.  APPOINTMENT OF SETTLEMENT ADMINISTRATOR

The Court appoints Yale University as Settlement Administrator.  Yale University may perform the settlement administration duties outlined in the Settlement and in this Order or, at its election, may retain a third-party Settlement Administrator to assist it in performing some or all of the tasks.

## VII.   ADDITIONAL PROVISIONS

The Settlement fits within the parameters necessary for potential final approval, and is therefore hereby preliminarily approved, but is not to be deemed an admission of liability or fault by Defendant or by any other person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Defendant.  The Settlement is not a concession and shall not be used as an admission of any fault or omission by Defendant or any other person or entity. Neither the terms or provisions of the Settlement, nor any related document, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action nor proceeding, to establish any liability or admission by Defendant except in any proceedings brought to enforce the Settlement, except that the Released Persons may file this Order in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class. Pending final determination as to whether the Settlement should be finally approved, no Class Member shall commence, prosecute, pursue, or litigate any Released Claims against any Released Person, whether directly, representatively, or in any capacity, and regardless of whether any such Class Member has appeared in the Action.

Pending final determination of whether the Proposed Settlement should be approved, all proceedings in the Action shall be stayed until further order of the Court, except such

proceedings as may be necessary either to implement the Proposed Settlement or to comply with or effectuate the terms of the Stipulation of Settlement.

**IT IS SO ORDERED.**

                                                */s/ Kari A. Dooley*
                                        **The Honorable Kari A. Dooley**
                                        **United States District Judge**