UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA KWESELL; CHRISTINE TURECEK; AND JASON SCHWARTZ, individually and on behalf all others similarly situated, | : : : : : : : : : : : : : | CIVIL ACTION NO.: 3:19-cv-01098 (KAD) *CLASS ACTION* |
| Plaintiffs, | | |
| v. | | |
| YALE UNIVERSITY, | | |
| Defendant. | | |

## ORDER GRANTING FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

On November 22, 2022, a hearing was held on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, as forth in the Stipulation of Settlement ("Settlement") dated March 4, 2022 and filed on the Court's docket at ECF No. 84-2.

On June 14, 2022, this Court granted preliminary approval of the proposed Settlement. This Court also granted conditional certification of the class for settlement purposes and set a date for the Final Approval Hearing. On June 14, 2022, the Court also approved the procedure for disseminating the Notice to class members. The Court finds that due and adequate notice was provided to class members, as required in the Court's order.

The Court has reviewed the papers filed in support of the Motion for Final Approval, including the Stipulation of Settlement and exhibits thereto and the memorandum of law and arguments in support thereof. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the

Court determines that the Settlement is fair, adequate, and reasonable, and in the best interests of Class Members.

Therefore, it is HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. **Definitions:** This Judgment incorporates by reference the definitions in the Stipulation of Settlement and all capitalized terms used, but not defined herein, shall have the same meaning as in the Agreement.

2. **Jurisdiction:** This Court has jurisdiction over the subject matter of this action and over all parties to the action, including Class Members and venue in this Court is proper.

3. **Settlement Class:** This Court hereby finally certifies this Action as a class action defined as follows: All current or former Yale University employees who were required to participate in the HEP or pay an opt out-fee from the time Yale began tracking compliance with the HEP in September 2018 until May 14, 2020, when Yale ceased collecting the opt-out fee.

The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context, (a) the Class Members are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Class Members which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of Class Members; (d) the Plaintiffs will fairly and adequately represent and protect the interests of the Class Members because their interests are co-extensive with the Class Members, and they have retained experience counsel to represent them; and (e) a class action is superior to other available methods for fair and efficient adjudication of the controversy.

4.     **Designation of Class Representatives and Class Counsel.**  The Court appoints Lisa Kwesell, Christine Turecek, and Jason Schwartz as class representatives, and counsel of record representing Plaintiffs in this action as Class Counsel.

5.     **Approval of Class Notice.**  The form and means of disseminating Notice as provided for in the Order granting Preliminary Approval constituted the best notice practicable under the circumstances and the Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

6.     **Settlement Approval:**  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Parties.  The Court further finds that the Settlement set forth in the Stipulation is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties. No class members objected to the Settlement, and only two requested exclusion.

7.     **Release:** The release set for the in the Stipulation, Section 12, is expressly made effective by operation of this Judgment.  The Court hereby approves the release as contained and incorporated in Section 12 of the Agreement.  The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including unknown claims) against the Releasees.

8.     **Attorneys' Fees and Expenses:**  Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $200,000, and costs and expenses not to exceed $10,000.  The Class was given notice of this request, and there were no objections.  The Court has considered this application separately from this Judgment.  The Court finds that an award of

attorneys' fees and reimbursement of litigation costs and expenses is fair and reasonable.  A separate order shall issue detailing the amounts approved by the Court.

9. **Service Awards:** Plaintiffs have also moved for service awards in the amount of $10,000 for Lisa Kwesell, $10,000 for Christine Turecek, and $5,000 for Jason Schwartz, as well as $1,000 for each Named Individual who appears in the First Amended Complaint (for a total of $15,000).  The Court finds that service awards are reasonable, and a separate order shall issue detailing the amounts approved by the Court.  The Court directs the Settlement Administrator to disburse the awards as provided for in the Stipulation of Settlement.

10. **Dismissal with Prejudice:** Final Judgment is hereby entered with respect to the Released Claims and the Released Claims in this action are hereby dismissed in their entirety with prejudice with each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.  Nothing herein is intended to waive or prejudice the rights of the Class Members who have timely excluded themselves.

11. **Continuing Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Settlement, the Final Judgment, and for any other necessary purpose.

12. **Class Action Fairness Act Notice:**  Yale has provided notification through the Settlement Administrator to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. 1715.

13. **Implementation of the Settlement Agreement:** The Parties are hereby ordered to comply with the terms of the Stipulation of Settlement.  Without further order of this Court,

the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

14. **Entry of Final Judgment:** Entry by the Clerk of the Court of this Order and Final Judgment is hereby directed.

IT IS SO ORDERED.

Dated: November 22, 2022

/s/ Kari A. Dooley
_____
The Honorable Kari A. Dooley
United States District Court Judge